8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

MAR 19 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| RAYMOND WHITE, §<br>　Petitioner, §<br>§<br>VS. §<br>§<br>E.M. TROMINSKI, §<br>INS DISTRICT DIRECTOR, §<br>　Respondent. § | CIVIL ACTION NO. B-97-256 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Raymond White ("White") has filed a Petition for Writ of Habeas Corpus claiming that he is being wrongfully detained by the Immigration and Naturalization Service ("INS"). (Docket No. 1). The INS has filed a Motion to Dismiss. (Docket No. 5).

## BACKGROUND FACTS

The facts of this case are undisputed, and the following précis is drawn from two opinions of Immigration Judges dated November 29, 1994 (Docket No. 5, Exhibit C to Respondent's Return and Motion to Dismiss) and February 24, 1996 (Docket No. 5, Exhibit G to Respondent's Return and Motion to Dismiss), and the case of *White v. Immigration and Nationalization Service*, 75 F.3d 213 (5th Cir. 1996).

White is a citizen of Jamaica who came to this country legally in 1978 as an agricultural worker. In September 1987, he was granted lawful temporary resident status. In May 1990, White was convicted in South Carolina of distribution of crack cocaine and conspiracy to distribute crack cocaine. In December 1990, White became a permanent resident.

The INS instituted deportation proceedings. In the first hearing White had before an

Immigration Judge, White was found to be ineligible for discretionary relief from deportation pursuant to 8 U.S.C. § 1182(c)[1]. (Docket No. 5, Exhibit C to Respondent's Return and Motion to Dismiss, Opinion of Immigration Judge dated November 29, 1994). The Immigration Judge found White ineligible for discretionary relief because his lawful permanent residence status did not begin until December 1990, therefore he did not meet the seven year residence requirement contained in 8 U.S.C. § 1182(c). The Board of Immigration Appeals ("BIA"), while recognizing that there was judicial authority in *Lok v. INS*, 548 F.2d 37 (5th Cir. 1977) for the proposition that temporary status started the clock running on the seven year residency requirement, declined to follow that authority in White's case. (Docket No. 5, Exhibit D to Respondent's Return and Motion to Dismiss, BIA Opinion dated February 24, 1995).

Subsequently, White sought review of the BIA's denial of his application for discretionary relief from deportation. *White v. Immigration and Naturalization Service*, 75 F.3d 213 (5th Cir. 1996). The Fifth Circuit reversed the decision of the BIA and remanded the case for consideration of White's eligibility for discretionary relief under section 212(c) of the Immigration and Nationality Act ("INA"). *White*, 75 F.3d at 216.

The second hearing before the Immigration Judge was held on February 24, 1996. (Docket No. 5, Exhibit G to Respondent's Return and Motion to Dismiss). The Immigration Judge held that the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2], applied to pending cases like

---

[1] This statute which is also referred to in the briefs and cases as section 212(c) of the Immigration and Naturalization Act was repealed effective September 30, 1996.

[2] The 1996 amendment of concern here is 8 U.S.C. §1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B).

2

White's. Thus White, having been convicted of a drug offense and an aggravated felony, was ineligible for discretionary relief.[3]

## THE HABEAS PETITION

White makes the following arguments in his habeas petition (Docket No. 1):

1. The BIA should have given him the opportunity to present his claim that he was entitled to discretionary relief from deportation pursuant to the pre-AEDPA statute 8 U.S.C. § 1182(c).

2. The BIA has denied White equal protection by denying the opportunity to present his claim for relief in the context of a deportation hearing when these claims can be presented in an exclusion hearing.

3. Applying the 1996 amendments to the AEDPA retroactively is unconstitutional.

4. Despite the language in the AEDPA making the action of the BIA final, there is jurisdiction in the courts to hear habeas actions.

White seeks an order requiring the BIA to consider his application for relief under the former discretionary relief statute.

## RECOMMENDATION

The issues raised in this case have been the subject of a large volume of litigation since the passage of AEDPA and IIRIRA in 1996. There has not been a definitive opinion putting the questions of retroactivity and availability of judicial review to rest. The Supreme Court by denying

---

[3] Subsequently, the Immigration Judge entered an order of deportation. On September 2, 1997, the BIA affirmed the Judge's order. (Docket No. 5, Exhibit H to Respondent's Return and Motion to Dismiss). The Fifth Circuit later dismissed White's appeal on October 16, 1997 for lack of jurisdiction. (Docket No. 5, Exhibit I to Respondent's Return and Motion to Dismiss).

3

applications for writs of certiorari in a cluster of cases on March 8, 1999[4] did not help the confusion. *See Reno v. Navas*, 1999 WL 114489 (U.S. Mar. 8, 1999).

However, there does seem to be an emerging consensus that the 1996 statutory changes did not remove the right to habeas review guaranteed by the Constitution. One of the clearest explications of the statutory changes and habeas availability is found in the consolidated cases of *Henderson et. al v. Reno*, 157 F.3d 106 (2d Cir. 1998). After a review of the history of the tensions between the Judiciary and Congress and the Executive with respect to deportation and the availability of habeas, the Second Circuit concluded on page 118:

> "The 1996 amendments were clearly meant to constrict the availability for judicial review of deportation orders against criminal aliens. But how far did Congress intend to go? As noted above, we have previously found that the 1996 amendments 'repealed the jurisdiction a court of appeals formerly had over petitions for review filed by aliens convicted of [certain criminal offenses].' *Hincapie-Nieto*, 92 F.3d 27, 28 (2d Cir. 1996). And we have joined our sister circuits in concluding that this repeal of jurisdiction suffers from no constitutional infirmity because the courts retain habeas jurisdiction under 28 U.S.C. § 2241."

*Henderson et. al*, 157 F.3d at 118.

Another case dealing with the effect of the 1996 amendments is *Magana-Pizano v. INS*, 152 F.3d 1213 (9th Cir. 1998). The Ninth Circuit found that it did not have jurisdiction to review the

---

[4]The cases before the Supreme Court are as follows: *Henderson v. I.N.S.*, 157 F.3d 106 (2d Cir. 1998); *Yesil v. Reno*, 705 N.E.2d 655 (1998); *Mojica v. Reno*, 970 F.Supp. 130 (E.D.N.Y. 1997), *aff'd in part and dismissed in part by Henderson v. I.N.S.*, 15 F.3d 106 (2d Cir. 1998);

INS decision to deny discretionary relief to a convicted lawful permanent resident, but that there was habeas review available. However, on March 8, 1999, the Supreme Court vacated judgment and remanded the case for further consideration in light of *Reno v. American-Arab Anti-Discrimination Committee*, ----U.S.----, 119 S.Ct. 936, 937 (1999). *Magana-Pizano v. INS*, 1999 WL 114455 (U.S. Mar. 8, 1999).

The 1996 amendments added 8 U.S.C. § 1252(g) which states in part "...no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter". In *Reno v. American- Arab Anti-Discrimination Committee*, ----U.S.----, 119 S.Ct. 936, 937 (1999) decided February 24, 1999, the Supreme Court stated that 8 U.S.C § 1252 (g) "...applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases or execute removal orders.'"

The real question in this case is whether the 1996 repeal of 8 U.S.C. § 1182(c) applies retroactively to cases which were pending. The First Circuit in *Goncalves v. Reno et. al*, 144 F.3d 110, 125 (1st Cir. 1998), *cert. denied sub nom Reno v. Pereira Goncalves*, 1999 WL 114480 (U.S. Mar. 8, 1999) held that the 1996 change did not apply retroactively to ordinary crimes involving moral turpitude. In *Goncalves*, the First Circuit held the following:

1  The 1996 changes did not divest the district courts of habeas jurisdiction under 28 U.S.C. § 2241. *Goncalves*, 144 F.3d at 113.

2. The 1996 changes repealing 8 U.S.C. § 1182(c) do not apply retroactively to crimes involving moral turpitude. *Id.*

5

A reading of all the cases involving the effect of the 1996 amendments on pending claims for discretionary review leads this court to the conclusion that White's petition should be granted and this case remanded to the BIA for a determination as to whether or not he qualifies for discretionary relief from deportation under the old section 212(c).

This conclusion is admittedly based on a guess as to what the Supreme Court might do if presented with a case like White's. At this juncture, the Court has let stand decisions in the First and Second Circuits, *Goncalves et. al v. Reno*, 144 F.3d 110 (1st Cir. 1998) and *Henderson et. al v. Reno*, 157 F.3d 106 (2d Cir. 1998), both of which held that the 1996 amendments eliminating eligibility for discretionary review did not apply retroactively. In *Reno v. American-Arab Anti-Discrimination Committee*, the Supreme Court held that the 1996 limitation on judicial review contained in 8 U.S.C. § 1252(g) has a limited application to the three situations previously described. *American-Arab Anti-Discrimination Committee*, 119 S.Ct. at 937-946. Reading these cases together leads this court to conclude that White's case should be remanded to the BIA for a review of the merits of his section 212(c) application.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

6

to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 18th day of March, 1999.

_____
John Wm. Black
United States Magistrate Judge